**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

LEONARD GREEN
CLERK

DIANE SCHNUR
(513) 564-7037
(FAX) 564-7094
www.ca6.uscourts.gov

2007 JUL 13 PM 5:05

Filed: July 11, 2007

Joseph Lewis Coleman
Northwest Correctional Complex
91988
960 State Route 212
Tiptonville, TN  38079

Rachel E. Willis
Office of the Attorney General
425 Fifth Avenue, N.
P.O. Box 20207
Nashville, TN  37202-0207

RE: 07-5171
In re: Coleman vs.
District Court No. 06-02420

Enclosed is a copy of an order which was entered today in the above-styled case.

very truly yours,
Leonard Green, Clerk

Diane Schnur
Case Manager

Enclosure

cc:

Honorable Samuel H. Mays Jr.
Mr. Thomas M. Gould

No. 07-5171

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**JUL 11 2007**

**LEONARD GREEN, Clerk**

In re: JOSEPH LEWIS COLEMAN, )
                                        )   O R D E R
        Movant. )

Before: CLAY and SUTTON, Circuit Judges; GREER, District Judge.[*]

Joseph Lewis Coleman, a pro se Tennessee prisoner, moves for an order authorizing the district court to consider a second or successive petition for a writ of habeas corpus. *See* 28 U.S.C. §§ 2244 and 2254. The state has filed a response.

Coleman was convicted of aggravated rape, was adjudged a habitual offender, and was sentenced to 30 years in prison and life, respectively. The Tennessee Court of Criminal Appeals affirmed his conviction on direct appeal. Coleman thereafter unsuccessfully sought post-conviction relief in state court. *Coleman v. Parker*, No. W2004-01527-CCA-R3-HC, 2005 WL 564153 (Tenn. Crim. App. Mar. 10, 2005); *State v. Coleman*, C.C.A. No. 117, 1991 WL 40529 (Tenn. Crim. App. Mar. 27, 1991). He has previously filed one § 2254 petition in federal court, which was denied in 1997.

In the instant case, Coleman asserts that: 1) "[t]he trial court abused its discretionary authority when it recognized an apparent conspiracy, without acting upon it"; and 2) "[t]he trial judge ordered these sentences, to be served consecutively."

Upon review, we conclude that Coleman's motion must be denied. Before an appellate court may grant a motion to file a subsequent motion to vacate sentence, the applicant must make a *prima*

---

[*]The Honorable Ronnie Greer, United States District Judge for the Eastern District of Tennessee, sitting by designation.

*facie* showing that: 1) newly discovered evidence exists which, if proven and viewed in light of the evidence as a whole, sufficiently establishes that no reasonable factfinder would have found the movant guilty of an offense; or 2) a previously unavailable rule of constitutional law exists that the Supreme Court made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(b)(2); *see also In re Green*, 144 F.3d 384, 388 (6th Cir. 1998). Coleman has not described any newly discovered evidence or identified any new Supreme Court case made retroactive to cases on collateral review.

Accordingly, we deny the motion for an order of authorization.

A TRUE COPY
Attest:
LEONARD GREEN, Clerk
By: *[signature]*
Deputy Clerk

ENTERED BY ORDER OF THE COURT

*[signature]*
Clerk